# Richmond

## JOHN DIEBOLD & SONS' STONE COMPANY V. TATTERSON, EXECUTRIX, AND OTHERS.

### January 15, 1914.

1. MECHANIC'S LIEN—*Affidavit of Agent—Sufficiency—Case in Judgment.*—At the end of an itemized account for a mechanic's lien are these words: "After deducting the credits from the debits, leaves the balance, $7,041.93, due to John Diebold & Sons' Stone Company, Inc., with interest thereon from the 6th day of January, 1911, until paid. (Signed) John Diebold, President and Agent for John Diebold & Sons' Stone Co., Inc., Affiant." Immediately following this is the certificate of the notary, which says: "Personally appeared before me, in my city aforesaid, Mr. John Diebold, and made oath that the matters and things stated in the foregoing account are true, and that the said account is correct."

   *Held:* It sufficiently appears that the affiant was acting as the agent of the corporation claiming the mechanic's lien, and the affidavit is sufficient to support said lien.

2. EQUITY—*Report of Commissioner in Chancery—Weight Given to.*—Reports of commissioners in chancery are *prima facie* correct and objection must be made to them. When this is done, it is the duty of the court to examine the evidence returned by the commissioner, and upon which his conclusions are based, and review his conclusions. If the evidence consists of depositions which have been taken by the commissioner, or in his presence, and is conflicting, and his conclusions are clearly supported by competent and unimpeached witnesses, his report will not be disturbed, unless it is clear that the weight of the testimony is contrary to his conclusions. But, even in such case, the court will review and weigh the evidence, and, if not satisfied with the findings of the commissioner, will overrule them. The report will only be accepted as conclusive when the testimony, though conflicting, is evenly balanced, and the report is supported by the testimony of competent and unimpeached witnesses.

Appeal from a decree of the Circuit Court of the city of Norfolk.  Decree for defendants.  Complainants appeal.

*Reversed.*

The opinion states the case.

*Jeffries, Wolcott, Wolcott & Lankford* and *John A. Beacher,* for the appellant.

*John B. Jenkins, Willcox, Cooke & Willcox, E. R. F. Wells* and *James G. Martin,* for the appellees.

KEITH, P., delivered the opinion of the court.

John Diebold & Sons' Stone Company, Incorporated, presented its petition to this court, in which it is alleged that it has been aggrieved by the decree of the circuit court of the city of Norfolk in a certain chancery suit therein pending, wherein the petitioner was plaintiff and Lizzie M. Tatterson, executrix of the last will and testament of E. Tatterson, deceased, and others were defendants.

The petitioner was a sub-contractor under Tatterson, general contractor, to furnish stone and stone work to be used in a church building in the city of Norfolk for W. W. Old, Walter H. Taylor, and others, trustees of Christ Protestant Episcopal Church; that as sub-contractor there was due to the petitioner the sum of $7,041.93, with interest from the 6th day of January, 1911; that on the 20th day of May, 1911, petitioner notified the trustees of its intention to claim the benefit of a mechanic's lien upon the property.  Upon the same day upon which this notice was given, the petitioner filed in the clerk's office of the corporation court of the city of Norfolk a mechanic's lien for the debt against the church property.  It is also al-

leged in its bill that at the time the notice was served upon the trustees they were indebted to Tatterson, the general contractor, for an amount sufficient to satisfy the claim of petitioner.

The trustees filed their answer to this bill, admitting that they were indebted to Tatterson, the general contractor, in the sum of $5,071.95, subject to a credit for damages caused by delay. On March 15, 1912, a decree was entered referring the case to a master commissioner for a report of the amount due and owing by the trustees to the contractor, and an account of the liens upon the land and building, as well as upon the fund due by the trustees to the contractor. The commissioner reported that petitioner had proven the amount due to it to be $7,033.93, with interest from March 19, 1911, subject to a credit of $834.70 for cutting stone and $300 for delay, leaving a balance of $5,899.23, which he reported to be a valid mechanic's lien against the property.

Exceptions were taken by sundry creditors to this report, and petitioner excepted to it because of the allowance of the credits above mentioned. On July 29, 1912, the court entered a decree overruling the exceptions taken by petitioner, and without passing on the other exceptions taken by the other parties to the allowance of peititoner's claim, sustained the exception based upon the ground that no sufficient affidavit had been filed with the account, and that, therefore, its lien was invalid.

The sole question, therefore, before this court is as to the sufficiency of the affidavit, and as to the propriety of the credits allowed as against petitioner by the decree complained of.

The account which was filed with petitioner's mechanic's lien is as follows:

"An account showing the amount and character of the work done and materials furnished by John Diebold &

Sons' Stone Company, Inc., sub-contractors under E. Tatterson, general contractor, for the construction and erection of Christ Protestant Episcopal Church, Elizabeth River Parish, Norfolk, Virginia, the prices charged therfor, the payments made, and the amounts due."

Then follows the itemized account, at the end of which are these words:

"After deducting the credits from the debits, leaves the balance of $7,041.93 due to John Diebold & Sons' Stone Company, Inc., with interest thereon from the 6th day of January, in the year 1911, until paid.

(Signed)   "JOHN DIEBOLD,
"President and Agent for John Diebold & Sons' Stone Company, Inc., Affiant."

Immediately following this is the certificate of the notary, which says:

"Personally appeared before me, in my city aforesaid, Mr. John Diebold, and made oath that the matters and things stated in the foregoing account are true, and that the said account is correct."

The commissioner having reported in favor of the lien of the petitioner, it was excepted to by other claimants upon the ground that the account showing the amount and character of the work and labor done and the balance due is not verified by the owner or his agent.

The question involved in this exception has been frequently before this court in the last few years.

The first case is *Merriman Co.* v. *Thomas,* 103 Va. 24, 48 S. E. 490, in which section 3286 of the Code is considered, which section provides: "In an action of assumpsit on a contract, express or implied, for the payment of money (except where the process to answer the action has been served by publication), if the plaintiff file with his declaration an affidavit made by himself or his agent, stating therein, to the best of the affiant's belief, the amount of the plaintiff's claim, that such amount is justly due, and

the time from which the plaintiff claims interest, no plea in bar shall be received in the case, either at rules or in court, unless the defendant file with his plea the affidavit of himself or his agent, that the plaintiff is not entitled, as the affiant verily believes, to recover anything from the defendant on such claim," etc.   The affidavit in that case was made by the bookkeeper of the firm, and the court held that the statute requires the affidavit of the plaintiff or his agent, and, in the absence of evidence on the subject, a bookkeeper will not be held to be such agent; for, said the court, "while a bookkeeper may be, and often is, the agent of his employer, the word does not, *ex vi termini,* import that relation, and, in the absence of averment in the affidavit that it exists, the courts cannot by intendment enlarge the ordinary signification of the word so as to bring it within a class to which it may or may not belong."

In *Taylor* v. *Sutherland-Meade Tobacco Co.,* 107 Va. 787, 60 S. E. 132, it was held that an affidavit made by the secretary and treasurer of a corporation is not a sufficient compliance with the statute which requires an affidavit to be made by the plaintiff, his agent or attorney, for the court cannot say, as a matter of law and in the absence of averment, that the term "secretary and treasurer" necessarily imports the relation of agency between such officer and his corporation within the intendment of the attachment laws of this State.   "If he is in fact such agent, it should be so averred in the affidavit.   Attachment laws being in derogation of the common law and harsh in their application, substantial compliance with their requirements must be made to appear on the face of the proceedings."

In *Clement* v. *Adams Bros., &c.,* 113 Va. 547, 25 S. E. 294, the sufficiency of an affidavit to a mechanic's lien was considered, and the preceding decisions upon the general subject were reviewed, and it was held that the president of a corporation is not merely by virtue of his office the

agent of the corporation to make affidavit to a mechanic's lien, and unless the affidavit avers that he is in fact the agent of the corporation for that purpose, the lien is not protected, and, therefore, does not exist. The making of such an affidavit is not one of the implied powers of a president.

Those decisions must be interpreted in the light of the facts upon which they were based. In none of them is there anything in the contract to which the court could look in aid of the affidavit. There was nothing either by way of averment or proof to throw light upon the situation, and the court was held down to the terms of the affidavit itself to ascertain its true intent and meaning. But the court said, in *Taylor* v. *Sutherlin-Meade Co.*, *supra,* that attachment laws, being in derogation of the common law, and harsh in their application, substantial compliance with their requirements must be made to appear on the face of the proceedings. Even in the instance of laws admitted to be harsh in their application, the court only requires a substantial and not a literal or verbal compliance with the statute.

In the case before us the instrument or paper upon which the account appeared, purporting to show the amount and character of work done and materials furnished by petitioner to appellee, uses the following language: "After deducting the credits from the debits, leaves the balance of $7,041.93 due to John Diebold & Sons' Stone Company, Inc., with interest thereon from the 6th day of January, in the year 1911, until paid. (Signed) John Diebold, President and Agent for John Diebold & Sons' Stone Company., Inc., Affiant." Immediately following this is a certificate which says: "Personally appeared before me, in my city aforesaid, Mr. John Diebold, and made oath that the matters and things stated in the foregoing account are true, and that the said account is correct." We naturally turn from the affidavit—indeed, one necessarily

turns from the affidavit to the paper to which the affidavit is annexed—and we cannot close our eyes to the fact that it is signed "John Diebold," not in his proper person, but as the president, and not alone as the president of the company which he represents, but as the *agent* also, and in that capacity he is the affiant, and the affidavit following it is the affidavit of John Diebold, the president, and of John Diebold, the agent, who is the affiant to the account rendered and the truth of which is verified by his oath.

But further, looking critically to the *jurat* or affidavit, it will be observed that the word "account" is used twice, and, dealing with them inversely, it will be observed that the affiant swears that the account is correct, which standing alone might be forcibly argued as referring only to the items and figures used in the account, but it does not stand alone. He makes oath not only that the account is correct, but that "the matters and things stated in the foregoing account are true." And what are the "matter and things" stated in the foregoing account which are to be superadded to the oath as to the correctness of the account itself and its mere items and figures? The word "account" has more than one meaning. It is a reckoning or computation or written or printed statement of facts and occurrences, a recital of transactions, which would give it a broader meaning. The word "matters" is defined to be that with regard to or about which anything takes place or is done; the thing aimed at, treated of, or treated; the subject of action, discussion, consideration; and the word "thing" is defined as a transaction, or occurrence. Webster's Dict.

It would be narrow in the extreme were we to close our eyes to what plainly appears upon the face of the paper. Not only must we look at what is there presented, but we must give effect to every word there used; and, dealing with it in that spirit, we find no difficulty in differentiating

this case from those upon kindred questions to which we have referred, and in reaching the conclusion that the affidavit was sufficient to support the claim of a mechanic's lien.

With respect to the exceptions to the commissioner's account allowing certain credits, we are of opinion that the decree in that respect is without error.

In *Shipman* v. *Fletcher,* 91 Va. 473, 22 S. E. 458, in which Judge Riely reviewed the decisions bearing upon the weight to be given the reports of commissioners in chancery, it was held that they are *prima facie* correct, and that objection must be made to them by exceptions; that when this is done it is the duty of the court to examine the evidence returned by the commissioner, and upon which his conclusions are based, and review his conclusions. If the evidence consists of depositions, and has been taken by the commissioner or in his presence, and is conflicting, and his conclusions are clearly supported by competent and unimpeached witnesses, his report will not be disturbed, unless it is clear that the weight of the testimony is contrary to his conclusions. But, even in such case, the court will review and weigh the evidence, and, if not satisfied with the findings of the commissioner, will overrule them. The report will only be accepted as conclusive when the testimony, though conflicting, is evenly balanced, and the report is supported by the testimony of competent and unimpeached witnesses."

Viewing the testimony in the light of these principles, we are of opinion that there was no error in the decree appealed from, which overrules appellant's exceptions to the commissioner's report.

We are, therefore, of opinion that the decree of the circuit court must be reversed, and this court will render such decree as the circuit court should have entered.

*Reversed.*