## PENROD & STAUFFER BUILDING SYSTEMS, INC.

### V.

## METRO PRINTING AND MAILING SERVICES, INC.

Record No. 820067

Decided March 8, 1985, at Richmond

Present: All the Justices

*(Francis J. Pelland; Kerry A. Greenwald,* on briefs), for appellant.

*(David C. Culbert; Nalls, Chamblin & Chapman,* on brief), for appellee.

Case submitted on briefs.

STEPHENSON, J., delivered the opinion of the Court.

This appeal involves a dispute between an owner and a subcontractor in a mechanic's lien suit. Two questions are presented: (1) whether the property description in a memorandum of mechanic's lien meets the requirements of Code §§ 43-4 and -7, and (2) whether the subcontractor gave the owner notice as required by Code § 43-11, to impose personal liability upon the owner.

Penrod & Stauffer Building Systems, Inc. (Penrod or subcontractor), filed suit to enforce a mechanic's lien against Metro Printing and Mailing Services, Inc. (Metro or owner), and to recover $32,424.95. Penrod alternatively sought to impose personal liability on Metro as provided by Code § 43-11.

Metro filed two demurrers to the bill of complaint. Its first demurrer contested the validity of the mechanic's lien on the ground that Penrod's memorandum failed to provide a property description "sufficient to identify the property sought to be subjected to the lien." The court sustained this demurrer, dismissed the mechanic's lien, and directed that the "cause proceed only with respect to the account alleged."

Thereafter, Metro filed a second demurrer, which asserted that the subcontractor's notice did not comply with the requirements of Code § 43-11, and, therefore, Penrod could not impose personal liability upon Metro. The court also sustained this demurrer and dismissed Metro as a defendant to Penrod's claim. This appeal ensued.

The Industrial Development Authority of Loudoun County leased the subject real property to Metro. Metro contracted with Plandel, Inc., the general contractor, for certain construction work on the land, including furnishing and installing a metal building. Plandel executed a subcontract with Penrod whereby Penrod

agreed to supply and erect the metal building for $99,000. Penrod completed the contract and performed extra work for which it claimed $22,424.95, making its total account $121,424.95. Plandel paid Penrod $89,000, but refused to pay the remaining $32,424.95.

The subcontractor filed a memorandum of mechanic's lien describing the property as the "demised premises and land thereunder . . . located at 1200 South Sterling Boulevard, Sterling, Virginia, and which is more fully described at Book 728, Page 611 of the Land Records of Loudoun County, Virginia." The memorandum, which included a statement of account verified by an affidavit, was duly filed with the clerk of court.

Additionally, the subcontractor wrote a letter to the owner, enclosing a copy of the memorandum of mechanic's lien. The memorandum stated the amount, nature, and character of Penrod's claim. Penrod also enclosed a correct account, verified by a photocopy of the original affidavit filed with the clerk. The owner received these documents by certified mail and signed a return receipt therefor.

■ A memorandum of mechanic's lien must contain "a brief description of the property" on which the lien is claimed. Code § 43-4. *See also* Code § 43-7. The purpose of the description is to enable an owner, purchaser, or creditor to identify the property on which the lien is claimed. *Taylor* v. *Netherwood*, 91 Va. 88, 91, 20 S.E. 888, 889 (1895). If the property can be "reasonably identified," the description is sufficient. *Id.*; Code § 43-15.

In *Taylor*, the property was described as:

"[T]hat certain three-story building, No.___, situate and being in the city of Richmond, Va., on Grace street, between Shafer and Harrison streets, and the lot or piece of ground and curtilage appurtenant to the said building, fronting on said south line of Grace street 49 feet, and running back 156 feet, more or less, . . . of which Wirt E. Taylor is the owner or reputed owner."

91 Va. at 91, 20 S.E. at 889. We found the description full and accurate, and held that it sufficiently identified the property. *Id.* at 92, 20 S.E. at 889.

Here, the building is identified as "a pre-engineered metal building addition" to an existing structure. The property is there-

after described as "the aforementioned demised premises and land thereunder . . . located at 1200 South Sterling Boulevard, Sterling, Virginia, and which is more fully described at Book 728, Page 611 of the Land Records of Loudoun County."

The street address gives the property's location, and a "full and accurate" description is readily obtainable from the referenced deed book. Indeed, the description in the present case is clearer and more exact than that approved in *Taylor*. We conclude, therefore, that the court erred when it sustained the first demurrer and dismissed the mechanic's lien.

█ The subcontractor also sought to hold Metro personally liable. Code § 43-11 provides how an owner is made personally liable to a subcontractor:

> Any subcontractor . . . may give notice in writing to the owner . . . stating the nature and character of his contract and the probable amount of his claim, and if such subcontractor . . . shall . . . furnish the owner . . . with a correct account, verified by affidavit, of his claim . . . the owner . . . shall be personally liable to the claimant for the amount due to the subcontractor . . . by the general contractor . . . , provided the same does not exceed the sum in which the owner is indebted to the general contractor at the time the notice is given or may thereafter become indebted by virtue of his contract with the general contractor. . . .

The owner concedes that it received a copy of the memorandum of mechanic's lien stating the nature and character of Penrod's contract and the amount of its claim. Metro further acknowledges that it was furnished a statement of the account, verified by a photocopy of the original affidavit executed and filed with the court. The owner contends, nonetheless, that these documents, even when read together, are insufficient to impose personal liability under § 43-11. We do not agree.

On brief, Metro presents a narrow issue for our consideration: "The limited issue . . . is actually whether . . . a mere copy of an affidavit meets the requirements of § 43-11 which mandates that the account furnished be 'verified by affidavit.' "* If we were considering a "mere copy" of an affidavit, perhaps the owner's con-

---

*Since the issue is so limited, we do not address the broader question of the precise notice required by Code § 43-11 to impose personal liability on an owner.

tention would have merit. Here, however, Penrod furnished a photocopied duplicate of the original. More importantly, because the executed original was filed with the court, it is protected from alteration, damage, destruction, or loss. Further, if the affidavit's authenticity were challenged, the filed original would be readily available for scientific analysis and as a court exhibit.

Therefore, we hold that, under these facts, the documents, including the photocopy of the affidavit, fulfilled the notice requirements of Code § 43-11, necessary to impose personal liability upon the owner. Thus, the trial court erred in sustaining the second demurrer.

In sum, the property description was sufficient under Code §§ 43-4 and -7, and the subcontractor met the requirements of Code § 43-11. Accordingly, the decrees appealed from will be reversed and the cause remanded.

*Reversed and remanded.*