## CIRCUIT COURT OF FAIRFAX COUNTY

Production Services Corp.

v.

Javier Antonio Vasquez

August 18, 1989

Case No. (Chancery) 109827

By JUDGE THOMAS S. KENNY

This matter is before the Court on the defendant's demurrer to the plaintiff's bill to enforce a mechanic's lien. The demurrer is sustained.

The plaintiff, Production Services Corporation, has instituted this action to enforce a mechanic's lien allegedly perfected by a memorandum executed and recorded on July 28, 1988. It is the content and form of this memorandum that is the basis for the demurrer.

The memorandum was completed on what is apparently a copy of a page out of a form book. Next to the third line of the form which reads "Name of Claimant" the words "John Ross McNair/Production Services" appear in handwriting. At the bottom of the form, under the printed notation "(Name of Claimant)" appears the handwritten words "John Ross McNair". Apparently attached to the memorandum is a business card that reads in part "Production Services" across the center and "Ross McNair" in the left corner. On the second page of the form the printed notary public certificate reads "I, --- --- (notary or other officer) for the county (or city) aforesaid, do certify that --- --- claimant, or --- --- agent for claimant, this day made oath . . ." with the second set of blanks (i.e., the blank for the claimant, not the blank for the agent) containing the handwritten "John Ross McNair".

Section 43-4 of the Virginia Code[1] governs the perfection of mechanic's liens through the recordation of an appropriate memorandum. Since mechanic's liens are purely statutory creations in derogation of the common law, all provisions of that section are indispensable and require substantial compliance for creation of the lien. *Trustees Franklin Street Church v. Davis*, 85 Va. 193 (1888); *Gilman v. Ryan*, 95 Va. 494 (1898). The section requires that the lien claimant file the memorandum of lien. The lien claimant must necessarily be the individual or entity that entered into the contract underlying the particular claim. See *United Masonry v. Riggs National Bank*, 233 Va. 476 (1987) (mechanic's lien must have foundation in contract); *Sergeant v. Denby*, 87 Va. 206 (1890) (mechanic's lien must be based on contract with which it corresponds). It is undisputed in the case at bar that the contract underlying the lien at issue was entered into by Production Services Corporation. Therefore, for the Court to find the existence of a valid lien, the Court would have to rule that the memorandum of lien identifies Production Services Corporation as the lien claimant.

The Court is permitted to look to the entirety of the memorandum to identify its terms. *H. N. Francis v. Hotel Rueger*, 125 Va. 106 (1919). A review of the memorandum as a whole does not reveal with any degree of certainty that the lien claimant is anyone other than John Ross McNair. In three different portions of the memorandum the name "John Ross McNair" follows the notation "name of claimant" or "claimant." In one instance "Production Services" appears in conjunction with "John Ross McNair" next to "Name of Claimant." It is true that John McNair could file the claim and enter into the necessary affidavit for the memorandum as agent for Production Services Corporation, provided it was apparent from the face of the memorandum that he was acting pursuant to an agency relationship. See, *John Diebold & Sons v. Tatterson*, 115 Va. 766 (1914); Section 49-7. However, there is no indication from the memorandum that McNair was acting in any representative capacity or even that Production Services is a corporation

---

[1] All statutory references are to Va. Code Ann. (Repl. Vol. 1986).

under which McNair could possess some binding representative authority. At best, it appears that "Production Services" is merely a trade name for McNair's sole proprietorship.

The purpose of the various provisions necessary to the memorandum under § 43-4 is to provide notice to interested parties of the exact nature of the lienor's claim. *See, e.g., Penrod & Stauffer Building Systems v. Metro Printing & Mailing Services*, 229 Va. 150 (1985); *Wallace v. Brumback*, 177 Va. 36 (1941). The memorandum in question at best does not substantially comply with the statute because it does not provide sufficient notice as to the identity of the claimant. At worst, the lien is invalid because the memorandum names as claimant an entity other than that which entered into the underlying contract. In either instance, the memorandum of lien does not pass legal muster.