## CIRCUIT COURT OF FAIRFAX COUNTY

Threesome, Inc.

v.

Contract Program
Management, Inc.

November 29, 1989

Case No. (Chancery) 112256

By JUDGE THOMAS S. KENNY

This matter is before the Court on the petition of Threesome, Inc., to declare invalid a certain memorandum of mechanic's lien filed by the respondent, Contract Program Management, Inc. ("CPMI"). The memorandum sought to impose a lien on petitioner's property at "9484 Arlington Bvld [sic]."

Threesome admits that CPMI performed construction services for it at that address but claims that it is merely the lessee of a store within the shopping center there and that it is not the "owner" of the property for purposes of the mechanic's lien statutes (§§ 43-1 *et seq.*, 1950 Code of Virginia, Repl. Vol. 1986). Threesome also claims that the property description is inadequate and that the memorandum does not evidence CPMI's intent to claim a lien.

The last point is easily dispensed with. Of course, the memorandum evidences an intent to claim a mechanic's lien; it says so on its face and can have no other meaning.

The issue of whether a lessee can be an "owner" for purposes of a mechanic's lien must also be resolved against Threesome. Section 43-20 indicates that where the person

causing the work to be done owns less than fee simple interest in the land, only the interest he does hold will be subject to the lien. By necessary implication, this means that a tenant's leasehold interest can be liened. In effect, the tenant is an "owner" of a leasehold interest in the land.

In *Penrod & Stauffer v. Metro Printing*, 229 Va. 150 (1985), the land in question was owned by the Industrial Development Authority of Loudoun County and leased to Metro Mailing. Penrod & Stauffer was a subcontractor. The parties treated Metro as the owner for all purposes under the mechanic's lien statute, and there is no indication in the opinion that the Authority was even mentioned in the memorandum of lien or bill to enforce. The Court approved the procedure that had been followed. The situation in *Penrod* is not completely analogous to the case at bar, since Metro apparently had exclusive control of the property, and the Authority's "ownership" was no doubt merely a financing mechanism. Nevertheless, until the Supreme Court gives more specific guidance, I will accept *Penrod* as controlling; I hold that Threesome is properly identified as an "owner" for the purposes of this mechanic's lien and that it is not necessary to specifically identify the property being liened as a leasehold interest. (Of course, in accordance with § 43-20, only Threesome's leasehold interest would be subject to the lien if the memorandum is otherwise valid.)

If it is not necessary to describe the nature of the estate (*i.e., the leasehold interest*) but only the location of the property being liened, the question remains whether this location description is sufficient. On line three of the memorandum, the "type of structure on which work done" is described as "Fairfax Circle Plaza Shopping Center." On line four, the "brief description and location of real property" is given, in its entirety, as "9484 Arlington Bvld [sic]." Elsewhere in the memorandum (line one), the work was described as "construction of golf shop." It is apparent that CPMI performed the tenant improvements to Threesome's store in a shopping center owned by someone else.

Virginia case law suggests that there is some latitude in describing the property to be charged by a mechanic's lien, so long as an owner, purchaser, or creditor can

reasonably identify it. In *Taylor v. Netherwood*, 91 Va. 88 (1895), the memorandum described a three-story building at a street address in Richmond, the names of the adjacent cross streets, the frontage and depth of the lot, and the name of the reputed owner; the Court held this to be a full and accurate description which sufficiently identified the property. In *Penrod, supra*, the description was of "a pre-engineered metal building addition" at a specific street address in Sterling, "and which is more fully described at Book 728, page 611, of the Land Records of Loudoun County"; the Court found this description to be adequate because of the reference to the deed book and page of the land records.

The test is whether the property to be charged can be "reasonably identified" by the description given. Section 43-15; *Penrod, supra*. I do not think that this description passes muster. It is not clear whether the entire shopping center or just Threesome's store has a street address of 9484 Arlington Boulevard; it is not clear if a lien is being claimed against the entire shopping center or just Threesome's store; there is nothing to indicate whether that address is in Fairfax County, Fairfax City, or entirely outside the jurisdiction of this Court; and finally, it is not clear whether all of the work was done within the premises leased by Threesome. I therefore find that the description is inadequate and the memorandum of lien is invalid.

There is a further problem with the memorandum of lien which was not raised by counsel. However, if this matter is appealed and the Supreme Court determines that the property description is adequate as a matter of law, then the issue of the adequacy of the affidavit will need to be resolved. Here, the text of the memorandum identified the claimant as "Contract Program Management, Inc."; the memorandum was signed "Jeffrey E. Surck, Pres."; and the affidavit was made by "Jeffrey E. Surck, claimant." Under these circumstances, I believe that the affidavit is fatally defective under the rule of *Clement v. Adams Bros.-Paynes Co., Inc.*, 113 Va. 547 (1912). *Cf. Diebold v. Tatterson*, 115 Va. 766 (1914) (memorandum signed by Diebold as "president *and agent* [emphasis added]" of corporation was sufficient).

For the foregoing reasons, I find the memorandum of mechanic's lien to be invalid and will order it stricken from the land records.