## CIRCUIT COURT OF FAIRFAX COUNTY

Weyant Brothers, Inc.

    v.

Calvert Construction Co. et al.

November 30, 1989

Case No. (Chancery) 113284

### By JUDGE THOMAS S. KENNY

On April 12, 1989, the plaintiff filed a mechanic's lien on the defendant's property. The memorandum was in the statutory form and was in all respects proper but for the fact that the space left blank in the body of the affidavit for the amount of the claim was not filled in. The amount of the claim was properly set out in the memorandum. A suit was brought the complainant to enforce the mechanic's lien, and the defendant filed a Motion to Dismiss based on the fact that the amount of the claim was not filled in on the affidavit.

The question before the Court is whether a mechanic's lien is valid when it is the form prescribed by statute but the amount of the claim is not filled in in the body of the verifying affidavit. For the reasons discussed below, the Court finds the mechanic's lien to have been properly perfected, and the defendant's Motion to Dismiss is denied.

Section 43-4 of the 1950 Code of Virginia (Repl. Vol. 1986) requires a memorandum for a mechanic's lien to provide a description of the property and to show the name of the owner of the property, the claimant of the lien, the amount of the lien, and the time when the amount due is payable. This information must be "verified by the oath of the claimant." *Id.*

The affidavit at issue here verifies the amount of the claim. The affidavit states:

> I, Charles J. Swedish, Notary Public for the Commonwealth of Virginia, at large, do certify that DONALD WEYANT, Agent for the Claimant, this day made oath before me that Calvert Construction Company is justly indebted to the claimant in the sum of $ [      ], for the consideration stated in the foregoing memorandum, and that the same is *payable as therein stated*. (Emphasis added.)

The phrase "payable as therein stated" is a specific reference to the amount of the claim stated in the memorandum ($11,253.75) and thus verifies the amount independently of the omitted dollar figure.

In *John Diebold & Sons Stone Co. v. Tatterson*, 115 Va. 766, 80 S.E. 585 (1914), the Court looked to the body of the memorandum to determine that the affiant was an agent of the company filing the mechanic's lien when that fact was not stated in the body of the affidavit. Even in the absence of the "payable as therein stated" language in the present affidavit, the Court could look to the body of the memorandum to determine the amount claimed by the lien.

Section 43-8 provides the form for a mechanic's lien memorandum and affidavit and in addition states "[t]he memorandum, affidavit, and notice required by § 43-7 shall be sufficient if *substantially in form and effect* as follows . . ." (emphasis added.)

Section 43-15 states:

> No inaccuracy in the memorandum filed . . . shall invalidate the lien, if the property can be reasonably identified by the description given and the memorandum conforms substantially to the requirements of §§ 43-5, 43-8 and 43-10 [statutory forms] respectively and is not willfully false.

Additionally, the general rule is that although the statutory requirements for perfection must be strictly

adhered to, it is sufficient if there is a substantial compliance. *Coleman v. Pearman*, 159 Va. 172, 165 S.E. 371 (1932), *overruled on other grounds, Mills v. Moore's Super Stores, Inc.*, 217 Va. 276, 227 S.E.2d 719 (1976).

The affidavit filed substantially conforms to the form provided by § 43-8, and the requirements of § 43-4 have been substantially, if not fully, complied with. The mechanic's lien is valid.