## CIRCUIT COURT OF CAROLINE COUNTY

Lanmor Corp.

v.

B M & K Builders,
Inc., et al.

September 10, 1990

Case No. CH90–67

BY JUDGE WILLIAM H. LEDBETTER, JR.

Starr Management Corporation has filed a demurrer to Lanmor Corporation's bill to enforce a mechanic's lien. Arguments on the demurrer were heard on August 8, 1990.

### *Facts*

Because the court is considering a demurrer, it is settled that the court must assume the truth of all allegations in the bill and reasonable inferences that can be fairly drawn from those allegations. Virginia Code Section 8.01–273; *West Alexandria Properties v. First Virginia Mortgage*, 221 Va. 134 (1980). Viewed in that light, the facts are as follows.

Starr is the owner of 160 acres of land in Caroline County. Starr contracted with B M & K to contract an engineering testing center on the property. In turn, B M & K entered into a contract with Lanmor on September 15, 1989, whereby Lanmor would furnish labor and materials for certain roads and other paved areas on the project. Lanmor performed its work but has not been paid approximately $142,000.00 by B M & K, which sum is now due and owing.

On January 31, 1990, Lanmor filed a memorandum of mechanic's lien against the property. At the same time, Lanmor sent notice to Starr and B M & K that B M & K was indebted to Lanmor in the amount of the lien.

It is undisputed that, under the above-stated scenario, Starr is the "owner," B M & K is "general contractor," and Lanmor is "subcontractor," as those terms are used in mechanic's lien statutes.

## Status of the Case

Lanmor commenced this suit on May 18, 1990. B M & K has not responded although its registered agent appears to have been served on May 21, 1990. Starr filed a demurrer and a motion to stay.

At the hearing on August 8th, the court made the following rulings:

1. The motion to stay filed by Starr because of pending arbitration between Starr and B M & K was denied.

2. The court overruled ground # 2 of the demurrer which claims that the bill is defective because it includes amounts for work not performed or otherwise due. Upon a fair reading of the bill with attachments, the court held that the bill alleges a claim only for an amount due on account of work performed and materials supplied.

3. The court overruled ground # 3 of the demurrer which claims that the bill is defective because it fails to allege that Starr, the owner, owed B M & K, the general contractor, money with respect to the project as of the date Starr received notice of the lien. The court held that that issue is an affirmative defense, governed by statute, and that it is not necessary that such fact be alleged in the bill to state a good cause of action.

4. The court took under advisement the fourth ground of the demurrer in which Starr contends that the bill is defective insofar as it seeks to impose personal liability upon Starr because the notice requirements of Virginia Code § 43–11 were not satisfied. This opinion addresses that issue.

5. In ground # 1 of the demurrer, Starr contends that the bill is defective because it reveals that the lien was not timely filed. Lanmor asked leave to investigate further the date of its last work and, upon conclusion of such investigation, to notify the court whether it would concede the point or seek leave to amend its bill. The court granted Lanmor's request and reserved ruling on that ground of the demurrer. The concession has been submitted, and this opinion addresses that issue.

## Timeliness of Filing

By letter dated August 22, 1990, Lanmor concedes that its records

indicate that the date of its last work on the project was in October, 1989, and therefore, its lien was not timely filed on January 31, 1990. Accordingly, ground # 1 of Starr's demurrer will be sustained.

### Notice Under Section 43–11

In ground # 4 of its demurrer, Starr contends that no personal liability can be imposed under Virginia Code Section 43-11 because of Lanmor's failure to give proper notice. Lanmor admits that the only notice it gave to Starr is the notice dated January 31, 1990, a copy of which is attached to the bill.

In pertinent part, § 43–11 provides as follows:

> Any subcontractor . . . may give notice in writing to the owner or his agent . . . stating the nature and character of his contract and the probable amount of his claim, and if such subcontractor . . . shall at any time after the work is done or material furnished by him and before the expiration of thirty days from the time such building or structure is completed or the work thereon otherwise terminated furnish the owner thereof or his agent and also the general contractor . . . with a correct amount, verified by affidavit, of his claim against the general contractor . . . the owner . . . shall be personally liable to the claimant for the amount due to the subcontractor, provided the same does not exceed the sum in which the owner is indebted to the general contractor at the time notice is given or may thereafter become indebted by virtue of his contract with the general contractor.

The question is whether the statute requires a two-step notice procedure. In *Loyola Federal Savings & Loan v. Herndon Lumber*, 218 Va. 804 (1978), the Supreme Court of Virginia suggested that it does. There the Court said:

> Section 43–11, which specifies how the owner may become personally liable, provides for timely notice of the probable amount of the claim to "the owner or his agent" *to be followed* by a verified account of the claim furnished to "the owner" of the building or structure upon which the work was done. (Emphasis added.)

In *Penrod & Stauffer v. Metro Printing*, 229 Va. 150 (1985), the Court held that a subcontractor had met the notice requirements of §

43–11 by furnishing the owner with a copy of the memorandum of lien and a copy of an affidavit verifying the account. However, in a footnote, the Court expressly pointed out that Metro presented a narrow issue on appeal, i.e., whether a *copy* of the affidavit sufficed, and, the Court said, thus "we do not address the broader question of the precise notice required by Code § 43–11 . . . ."

Leading commentators, cited on pages 7 and 8 of the brief submitted by Starr, recognize a two-step procedure. In *Glen Construction Company v. Leesburg Concrete Block, Inc.*, the Circuit Court of the City of Alexandria held that two notices are required to impose personal liability under § 43–11, and the Supreme Court of Virginia, being of the opinion that "there is no reversible error," refused a petition for appeal of that decision on November 21, 1985.

It is the opinion of the court that § 43–11 provides a two-step notice procedure in order to impose personal liability upon an owner. Failure to give one of the two notices required by the statute is fatal to a claim under the statute. Giving one of the two required notices is not "substantial compliance" with the mechanic's lien statutes.

Section 43–11 provides a cumulative remedy available to a subcontractor to augment his other remedies. Thus, dismissal of a § 43–11 claim is not harsh. The claimant is free to pursue his other remedies.

For these reasons, the fourth ground of Starr's demurrer will be sustained.

### Quantum Meruit and Unjust Enrichment

Lanmor seeks leave to amend its bill to add claims of quantum meruit and unjust enrichment.

Ordinarily, leave to amend is granted after a successful demurrer so that the claimant may correct the defects in his pleading. Here, however, Lanmor seeks leave to amend with the addition of two completely new theories of recovery.

Further, one of these claims, quantum meruit, involves legal principles cognizable at law, not in equity. All pending equitable aspects of this suit, the mechanic's lien, and the § 43–11 claim have been dismissed leaving no sound basis for this litigation to continue.

Accordingly, the demurrer will be sustained, and Lanmor's request to amend its bill to add claims of quantum meruit and unjust enrichment will be denied, and the bill will be dismissed.