# CIRCUIT COURT OF ROCKINGHAM COUNTY

Davenport Insulation
of Harrisonburg, Inc.

v.

Virginia Rushton Aliff et al.

October 12, 1999

Case No. (Chancery) 16918

BY JUDGE JOHN J. MCGRATH, JR.

This case is currently before this court on defendant's motions to vacate mechanic's lien and for summary judgment. The essential facts are as follows. In September of 1997, Davenport Insulation of Harrisonburg, Inc., contracted with Mr. Randy Aliff to perform services on real estate owned by Mrs. Virginia Aliff. (Tr. 5.) The contract price was $3,390.00. Although all services were performed, Aliff paid only $1,000.00 of the contract price and then defaulted on the payment of the remainder. (Tr. 7.) On January 29, 1998, a Memorandum of Lien against Virginia Aliff et al. was filed in the Rockingham Circuit Court listing Davenport Insulation, Inc., as the claimant. On July 28, 1998, a Bill of Complaint to Enforce the Mechanic's Lien was filed in the name of Davenport Insulation of Harrisonburg, Inc. (Tr. 7.) During a hearing before the Commissioner in Chancery, the uncontradicted evidence showed that Davenport Insulation of Harrisonburg, Inc., was the party with whom the contract was made and who performed the services under that contract. (Tr. 5-7.) Defendants have now filed motions to vacate the mechanics lien and for summary judgment. Their motions are based on the fact that the Memorandum of Lien incorrectly identifies Davenport Insulation, Inc., a duly incorporated corporation under the laws of Virginia, as the

claimant, as opposed to Davenport Insulation of Harrisonburg, Inc., a separate and distinct corporation under the laws of Virginia.

This court acknowledges the existence of the recent stipulations agreement entered into by both parties in this suit. Although the stipulations and exhibits do offer an explanation as to how this problem occurred and the court can understand the position of the parties, it does not change the application of law to this case. This area of law requires strict compliance with the statutory requirements, which was not done in this situation. Therefore, this court agrees with the defendants' position and, as a result, will vacate the mechanic's lien and grant the motion for summary judgment.

*Legal Discussion*

A. *Timeliness of Objection*

First, plaintiff contends that because defendants failed to raise this issue during the hearing before the Special Commissioner in Chancery, they are now precluded from arguing it. Without deciding whether failure to raise an issue at the hearing in chancery would preclude a party from raising it now, this court finds that because this is a jurisdictional issue, it cannot be waived and any motion regarding it is timely. The Supreme Court of Virginia has frequently stated that "the very existence and continuation of the lien, as well as the jurisdiction of the court to enforce it, rest upon compliance with the statute, not equitable principles." *Wallace v. Brumback*, 177 Va. 36, 40, 12 S.E.2d 801, 802 (1941). See also, *Isle of Wight Materials Co. v. Cowling Bros., Inc.*, 246 Va. 103, 105, 431 S.E.2d 42 (1993); *Feuchtenberger v. Williamson*, 137 Va. 578, 584, 585, 120 S.E. 257 (1923); *Coleman v. Pearman*, 159 Va. 72, 79, 80, 165 S.E. 371 (1932). If the lien does not comply with the statute, the court does not have jurisdiction to hear the case. In this case, since the defendants are claiming that the lien is invalid and not in compliance with the statute, this is a jurisdictional issue and the defendant does not waive the right to argue it merely because he failed to raise it during the hearing before the Special Commissioner.

B. *Validity of Lien*

For decades, Virginia case law has stated that because a mechanic's lien is a creature of statute, the laws providing for its creation shall be strictly construed. See *Clement v. Adams Bros.-Paynes Co.*, 113 Va. 547, 553, 75 S.E. 294, 296 (1912); *Rosser v. Cole*, 237 Va. 572, 576, 379 S.E.2d 323, 235

(1989); *American Standard Homes Corp. v. Reinecke*, 245 Va. 113, 119, 425 S.E.2d 515, 518 (1993). Moreover, since the mechanic's lien is based on a contract, the lien and the contract must closely correspond. *Sergeant v. Denby*, 87 Va. 206, 208, 12 S.E. 402, 402 (1890). If one does not comply with such statutes within the proper time and proper manner, the lien, and hence a suit to enforce that lien, will be lost. *Wallace, supra,* at 40, 12 S.E.2d at 802 (1941).

In 1999, the Supreme Court of Virginia, in *Carolina Builders Corp. v. Cenit Equity Co.*, found that the requirements of Virginia Code § 43-4 are prerequisites that must be included in a memorandum of lien for the lien to be valid. *Carolina Builders Corp. v. Cenit Equity Co.*, 257 Va. 405, 411, 512 S.E.2d 550 (1999). In that case, the claimant violated the statutory requirement that its memorandum cannot include sums for material furnished more than 150 days prior to the last day on which material was furnished to the job preceding the filing of the memorandum. *Id.* at 412. The court refused to amend the lien and reduce the amount claimed but instead found the lien invalid and dismissed the suit. *Id.* In doing so, the court stated that since the 150 day limitation is included among the requirements listed in § 43-4, then it is a prerequisite and the failure of the claimant to have the information correct is fatal to the lien. *Id.*

Virginia Code § 43-4 states that "the memorandum shall show the names of the owner of the property sought to be charged, and of the claimant of the lien … ." Va. Code § 43-4. Since this section, the same one discussed in *Carolina Builder's,* also includes the name of the claimant as one of the requirements of a lien, then that too would be considered a "prerequisite" under the Supreme Court of Virginia's mandate in that case. If that information is incorrect, the court cannot amend it but must instead invalidate the lien.

Although not binding on this court, the Circuit Court of Fairfax County has issued some opinions that are instructive on this point, in 1989, that court heard the case of *Production Services Corp. v. Vasquez*, 16 Va. Cir. 371 (Fairfax 1989). In *Production Services*, the memorandum and certificate both listed "John Ross McNair" as the claimant on the lien, however "Production Services Corp." was the entity that entered into the contract that the lien was purportedly based on. *Id.* Citing *United Masonry v. Riggs National Bank*, 233 Va. 476 (1987), the Circuit Court stated that "the lien claimant must necessarily be the individual or entity that entered into the contract underlying the particular claim." *Id.* If the lien claimant and the contractual party are not the same, the lien is invalid. Furthermore, the court notes that "the lien is invalid because the memorandum names as claimant an entity other than that

which entered into the underlying contract." This was not merely a mistake in the name, the memorandum actually named another person or entity as the claimant. *Id.*

The same is true in the case at hand; this memorandum does not merely have a mistake in the name of the claimant, it actually names another incorporated and existing company as the claimant, and that company did not perform the work or enter into the contract.

Following *Production Services Corp.* in 1991, the Fairfax Circuit Court, in *TQY Investments v. Rodgers Co.*, stated that if it is clear from the whole document (the lien and the affidavit together) who the correct parties are, then the lien will not be invalidated and the case may proceed. *TQY Investments v. Rodgers Co.*, 26 Va. Cir. 40 (Fairfax County 1991) (citing *Diebold v. Tatterson*, 115 Va. 766, 80 S.E. 585 (1914)). In *TQY*, the claimant named Bogle Group II, L.P., rather than Bogle Construction Co., Inc., in the memorandum of lien as the debtor; however, the party was correctly identified in the affidavit. *Id.* In the instant case, since the name of the claimant was incorrectly noted on both the memorandum and the affidavit, the correct party could not be clearly identified from the document as a whole, and the lien cannot survive.

Finally, "the purpose of the various provisions necessary to the memorandum under § 43-4 is to provide notice to the interested parties of the exact nature of the lienor's claim." *Production Services Corp. v. Vasquez*, 16 Va. Cir. 371 (Fairfax County 1989) (citing *Penrod & Stauffer Building Systems v. Metro Printing & Mailing Services*, 229 Va. 150 (1985); *Wallace v. Blueback*, 177 Va. 36 (1941)). Although Davenport claims that there could not have been any confusion on the Aliffs' part as to who the parties were, there are other parties in this suit besides the Aliffs. Because the purpose of this code section is to provide adequate notice to *all* the parties, Davenport has failed to do that here; the other parties had no written notice of who the actual claimant was. Furthermore, the Supreme Court of Virginia has stated that even if the debtor knew the correct information, if it is not correct in the lien, then the lien is not valid; written notice is required. See *Coleman v. Pearman*, 159 Va. 172, 165 S.E. 371 (1932). By including the wrong name on the memorandum of lien, Davenport has failed to comply with the statute, and again, the lien must be found invalid and the suit therefore dismissed.

The Clerk of the Court is directed to send certified copies of this order to Mark B. Callahan, Esq., counsel for Plaintiff, Dean M. Nichols, Esq., counsel for defendants, and Joseph M. Wilson, Esq., Substitute Trustee.