## CIRCUIT COURT OF STAFFORD COUNTY

P. C. Goodloe & Son, Inc.

v.

Charter Communities, Inc., et al.

December 10, 1997

Case No. Chan. 95000062

BY JUDGE JAMES W. HALEY, JR.

The question here for resolution is whether the mistaken inclusion of offsite costs for work, though specifically identifiable by location and amount and requested to be excised by the lienor, renders a mechanic's lien filed for site development improvements unenforceable as over-inclusive. The matter comes before the court as an exception to the report of a Commissioner in Chancery.

The pertinent facts can be concisely stated: P. C. Goodloe and Son, Inc. ("Goodloe") repaved a road named Foresail Cove in a residential subdivision in Stafford County. Pursuant to Code § 43-3(B), Goodloe timely recorded a mechanic's lien for site development improvements encumbering thirteen lots on Foresail Cove owned by Charter Communities, Inc. ("Charter"). Included in the itemized statement of account filed with the memorandum was the following: "6/3/94 driveway build up — 9 tons asphalt at $40 per ton — $360."

The Commissioner in Chancery found the following facts, for each of which there is sufficient evidentiary support.

(1) Prior to the improvements made by Goodloe, there existed a house on Lot 2276 with a paved driveway leading to Foresail Cove. To safely accommodate school buses, the grade of the pavement to Foresail Cove was raised by Goodloe, with the effect that the existing house driveway on Lot 2276 likewise had to be raised to meet grade. (2) The entire $360 cost referred to above was expended upon the raising of the house driveway to meet the new grade of Foresail Cove. (3) That portion of the house drive-

way raised was located within a twenty foot strip of land within the state highway right-of-way between the property line of Lot 2276 and the edge of the paved portion of Foresail Cove covered by Goodloe's contract.

Because of this improvement's physical location, the Commissioner, in an amended report, found that Goodloe "was not entitled to have a lien for this work." Nonetheless, the Commissioner concluded, relying on *Dominion Trust Co. v. Kenbridge Const. Co.,* 248 Va. 393, 448 S.E.2d 659 (1994), that the $360 charge was excisable and the lien, therefore, not over-inclusive and accordingly valid. This conclusion is the primary exception to the Commissioner's Report noted by Charter.

Goodloe has specifically asked that the delineated $360 be deleted from its lien. The total amount of the lien filed was $34,564.00. Thus, the requested deletion constituted only slightly more than 1% of the lien. There is no evidence but that the inclusion of the $360 claim was a mistake.

In *Bank of Martinsville v. Ford,* 219 Va. 942, 945, 252 S.E.2d 354, 356 (1979), three separate properties were described in the lien while all work had only been done on only one. The court concluded that "the chancellor correctly excluded the claims attributable to the [other properties] . . ." and permitted the lien on the appropriate property to stand. In short, the lien could be delimited by location.

In *West Properties v. First Va. Mortgage,* 221 Va. 134, 141-142, 267 S.E.2d 149, 153-154 (1980), the trial court had invalidated the entire lien as over-inclusive. The Supreme Court of Appeals reversed and remanded holding that the "lien will be limited to the value of the work done on the liened land." Here the lien could be delimited by amount.[1]

In *Dominion Trust Co. v. Kenbridge Const. Co.,* 248 Va. 393, 448 S.E.2d 161 (1994), the lienor raised *West* and *Bank of Martinsville* as a defense to over-inclusiveness and consequent invalidation.[2] The court noted:

It is true that in [those cases] we have held that a trial court, in certain limited circumstances, may reduce the amount of a me-

[1]  The court is aware that both *West* and *Bank of Martinsville* were decided prior to the enactment of current Code § 43-3(B).

[2]  It should be noted that *Kenbridge* was decided subsequent to *Rosser v. Cole,* 237 Va. 572, 379 S.E.2d 323 (1989), *Woodington Electric, Inc. v. Lincoln Savings and Loan,* 238 Va. 623, 385 S.E.2d 872 (1989), and *Addington-Beaman Lumber Co. v. Lincoln Savings and Loan,* 241 Va. 436, 403 S.E.2d 688 (1991), each holding that invalidation is the result of over-inclusiveness.

chanic's lien rather than invalidate the lien. Here, however, we are of the opinion that Kenbridge is not entitled to such relief ... [because] ... Kenbridge had the opportunity to request that the trial court reduce the lien to reflect only the value of labor and materials performed on the property, but Kenbridge failed to do so ... [and because] ... Kenbridge's vice-president was "not sure" if the amount of Kenbridge's mechanic's lien included work performed "off-site" ....

248 Va. at 399, 448 S.E. at 614.

In short, Kenbridge could delimit the lien by location, but not by cost, and failed to timely request excision.

From the foregoing, this court concludes that the "certain limited circumstances" referred to in *Kenbridge* which permit excision and validation of the remainder of the mechanic's lien are: (1) delimitation by both amount and location; (2) a request at the trial level for such excision; (3) a lack of any evidence from which a court could reasonably conclude that the over-inclusiveness of the lien was the result of bad faith rather than mistake; and (4) a demonstration that the amount of the delimination is reasonably insignificant as related to the amount of the original lien, thus showing that the invalidation of the entire lien would be inequitable.

Finding these principles applicable to the facts in the present cause, the court overrules the exception to the Commissioner's report permitting the excision and validating the balance of the lien.

In *Morris v. United Va. Bank*, 237 Va. 331, 337-338, 377 S.E.2d 611, 614 (1989), the Supreme Court quoted with approval the following from *Hill v. Hill*, 227 Va. 569, 576-577, 318 S.E.2d 292, 296-297 (1984):

While the report of a Commissioner in Chancery does not carry the weight of a jury's verdict, Code § 8.01-610, it should be sustained unless the trial court concludes that the commissioner's findings are not supported by the evidence. This rule applies with particular force to a Commissioner's findings of fact based upon evidence taken in his presence.

See also, *Jarvis v. Tonkin*, 238 Va. 115, 121-122, 300 S.E.2d 900, 904 (1989); *Sprott v. Sprott*, 233 Va. 238, 240, 355 S.E.2d 881, 882 (1987).

In addition to the primary exception to the commissioner's report dealt with above, the other exceptions to the report are likewise overruled.