Present:  All the Justices

CAROLINA BUILDERS CORPORATION

v. Record No. 980519   OPINION BY JUSTICE CYNTHIA D. KINSER
                                        February 26, 1999
CENIT EQUITY COMPANY

                FROM THE CIRCUIT COURT OF YORK COUNTY
                      Thomas B. Hoover, Judge


      In this appeal, we decide two issues: (1) the date

from which the 150-day limitation period in Code § 43-4 is

calculated for purposes of determining what sums can be

included in a memorandum of mechanic's lien; and (2)

whether including only sums due for labor performed or

materials furnished during the 150-day limitation period is

a prerequisite for perfecting a mechanic's lien, thereby

invalidating a lien that includes sums due for labor

performed or materials furnished prior to the 150-day

period.  Because we conclude that the 150-day limitation

period is computed from the last day that labor is

performed or material is furnished to a job preceding the

filing of a memorandum of mechanic's lien and that

including only labor and materials furnished during the

150-day limitation period is a prerequisite for perfecting

the lien, we will affirm the judgment of the circuit court

invalidating a mechanic's lien.

                            I.

Carolina Builders Corporation (Carolina Builders) filed a memorandum of mechanic's lien on July 29, 1996, against a certain tract of real estate located in York County for sums owed to Carolina Builders for materials that it had furnished for construction of a residential dwelling on the property.  Subsequently, on January 27, 1997, Carolina Builders filed a bill to enforce the mechanic's lien and named Cenit Equity Company (Cenit) as one of the defendants.

After conducting discovery, Cenit filed a petition to declare the mechanic's lien invalid pursuant to Code § 43-17.1[1] and a motion for summary judgment.  Cenit asserted that the mechanic's lien sought to be enforced by Carolina Builders was invalid under Code § 43-4 because it included sums due for materials furnished more than 150 days prior to the last date on which labor was performed or material was furnished to the job preceding the filing of the memorandum.

---

[1] Code § 43-17.1 provides, in pertinent part:

> Any party, having an interest in real property against which a lien has been filed, may . . . petition the court of equity having jurisdiction . . . to hold a hearing to determine the validity of any perfected lien on the property. . . . If the court finds that the lien is invalid, it shall forthwith order that the memorandum or notice of lien be removed from record.

At a hearing on November 6, 1997, the parties stipulated the following facts:

1.  Carolina Builders filed the memorandum of mechanic's lien on July 29, 1996.

2.  The memorandum of mechanic's lien included sums due for materials furnished by Carolina Builders from December 6, 1995, through April 16, 1996.

3.  May 23, 1996, was the last day that Carolina Builders furnished materials to the job prior to filing the memorandum of mechanic's lien.

4.  Counting back from May 23, 1996, the 150-day period ended on December 25, 1995.

5.  The memorandum of mechanic's lien included amounts owed for materials furnished prior to December 25, 1995, specifically from December 6 through 15, 1995.

After considering memoranda and argument by the parties, the circuit court determined that the 150-day period must be calculated back from May 23, 1996, the last day that Carolina Builders furnished materials to the job immediately preceding the date that it filed the memorandum.  Thus, the court concluded that the mechanic's lien violated Code § 43-4 because it included amounts owed to Carolina Builders for materials provided to the job prior to the 150-day period.  In a final decree dated December 18, 1997, the court held that the mechanic's lien was invalid and unenforceable, and granted summary judgment in favor of Cenit.  Carolina Builders appeals.

II.

3

Code § 43-4 contains two distinct time limitations. The first one requires that a memorandum of mechanic's lien be filed "not later than ninety days from the last day of the month in which [the lien claimant] last performs labor or furnishes material, and in no event later than ninety days from the time such building, structure, or railroad is completed, or the work thereon otherwise terminated." Code § 43-4. No one disputes that Carolina Builders complied with this 90-day rule. It is the second limitation that is at issue in this appeal. That provision specifies that "[t]he lien claimant may file any number of memoranda but no memorandum . . . shall include sums due for labor or materials furnished more than 150 days prior to the last day on which labor was performed or material furnished to the job preceding the filing of such memorandum." Code § 43-4.

Carolina Builders' memorandum of mechanic's lien included sums due for materials furnished from December 6, 1995, through April 16, 1996. Therefore, it argues that the 150 days should be counted back from April 16 rather than from May 23, 1996, even though the latter date was when Carolina Builders last delivered materials before filing the memorandum. In other words, Carolina Builders asserts that the last date actually included in the

4

mechanic's lien for materials furnished to the job should be the operative date from which to calculate the 150-day limitation period set out in Code § 43-4.  We do not agree.

We have previously stated that Code § 43-4 is "clear and unambiguous."  Dominion Trust Co. v. Kenbridge Constr. Co., Inc., 248 Va. 393, 396, 448 S.E.2d 659, 660 (1994).  If the statute as written is clear on its face, this Court will look no further than the plain meaning of the statute's words.  City of Winchester v. American Woodmark Corp., 250 Va. 451, 457, 464 S.E.2d 148, 152 (1995).  In applying the plain meaning rule, this Court constantly strives to determine and give effect to the intention of the legislature.  Barr v. Town & Country Properties, Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990).

The statute plainly states that the memorandum of mechanic's lien shall not include sums for materials furnished more than 150 days prior to the last day that material was furnished to the job preceding the filing of the memorandum.  In the present case, Carolina Builders filed its memorandum of mechanic's lien on July 29, 1996.  The last day that Carolina Builders delivered materials to the job immediately before it filed its memorandum was May 23, 1996.  Thus, under the clear terms of the statute, the 150 days must be counted back from May 23, 1996.  To adopt

Carolina Builder's interpretation of the statute would, in effect, rewrite the statute.

A correct application of the statutory 150-day limitation period does not render meaningless the 90-day filing limitation, as hypothesized by Carolina Builders, but instead comports with the General Assembly's desire to prevent undisclosed or inchoate liens. Recognizing that the 150-day limitation period might necessitate that a claimant file multiple liens during the course of a construction project, the General Assembly specifically authorized the filing of "any number of memoranda." Code § 43-4. The statute also allows a lien claimant to include amounts that are "or will be due and payable." Code § 43-4.

The remaining issue is whether Carolina Builder's violation of the 150-day limitation rule renders its entire mechanic's lien unenforceable. The circuit court so held, but Carolina Builders argues that the 150-day requirement limits only the sums that can be recovered and is not a prerequisite for perfecting the mechanic's lien. Relying on this Court's decisions in West Alexandria Properties, Inc. v. First Va. Mortgage & Real Estate Inv. Trust, 221 Va. 134, 267 S.E.2d 149 (1980); and First Nat'l Bank of Martinsville v. Roy N. Ford Co., Inc., 219 Va. 942, 252

6

S.E.2d 354 (1979), Carolina Builders contends that, rather than invalidating a lien, a trial court can reduce the amount of a mechanic's lien when the memorandum contains excess sums.

Conversely, Cenit argues that all the requirements in Code § 43-4, including the 150-day limitation period, are prerequisites for perfecting a mechanic's lien and must, therefore, be strictly construed.  According to Cenit, Carolina Builders had an affirmative duty not to include sums owed for materials furnished prior to the 150-day "look back" period in its memorandum of mechanic's lien. Cenit also asserts that the decisions in West Alexandria Properties and Bank of Martinsville are inapposite.  We agree with Cenit.

This Court has repeatedly stated that a mechanic's lien is in derogation of the common law and that the statutes dealing with the existence and perfection of a mechanic's lien must, therefore, be strictly construed. American Standard Homes Corp. v. Reinecke, 245 Va. 113, 119, 425 S.E.2d 515, 518 (1993); Rosser v. Cole, 237 Va. 572, 576, 379 S.E.2d 323, 325 (1989).  "[U]nless [a mechanic's lien] is perfected within the proper time and in the proper manner, as outlined by the statute, it is lost." Wallace v. Brumback, 177 Va. 36, 40, 12 S.E.2d 801, 802

(1941).  In American Standard Homes, this Court

distinguished between perfection of a mechanic's lien under

Code § 43-4 and enforcement of the lien pursuant to Code

§ 43-17.  In doing so, we stated that the "provisions of

the enforcement statutes are to be construed liberally

while the requirements of the perfection statute are to be

construed strictly."  245 Va. at 119, 425 S.E.2d at 518.

Code § 43-4 contains specific conditions that a lien

claimant must fulfill "in order to perfect the lien given

by § 43-3."  For example, the claimant must file the

memorandum within a specified time (the 90-day rule) in the

clerk's office where the property is located and must

include certain information in the memorandum.  The 150-day

limitation is included in these conditions.  In contrast to

the 90-day rule, the 150-day requirement is not a filing

deadline.  Instead, it is a limitation on how far back in

time a lien claimant can reach in any given memorandum for

sums owed.  Therefore, we conclude that the 150-day

limitation period is one of the prerequisites required by

Code § 43-4 in order to perfect a mechanic's lien.[2]  Thus,

---

[2]  Code § 43-15, which pertains to inaccuracies in the memorandum or in the description of the property to be covered by the lien, is not applicable to the present situation.

the circuit court did not err when it held that Carolina Builders' mechanic's lien was invalid and unenforceable.

In reaching this result, we are mindful that we allowed excess sums to be excluded without invalidating the mechanic's liens in West Alexandria Properties and Bank of Martinsville. In each of those cases, the memorandum of mechanic's lien included amounts attributable to labor performed and materials furnished not only for improvements on the liened land but also for improvements on additional property. However, the excess sums claimed in the memoranda did not violate any specific statutory provision in effect at that time with regard to perfecting a lien.[3]

In contrast, we invalidated the mechanic's liens in Woodington Elec., Inc. v. Lincoln Sav. & Loan Ass'n, 238 Va. 623, 385 S.E.2d 872 (1989), and in Rosser, 237 Va. 572, 379 S.E.2d 323. In those cases, the lien claimants had described property in the memoranda for which no labor or materials had been furnished. There was excess property

---

[3] When this Court decided Kenbridge Constr., the 150-day requirement was in effect, but it was not at issue in that case. Although we acknowledged "that a trial court, in certain limited circumstances, may reduce the amount of a mechanic's lien rather than invalidate the lien," we did not afford Kenbridge that relief. 248 Va. at 399, 448 S.E.2d at 662. Kenbridge had not requested that the trial court reduce the lien so as to include only the value of labor and materials furnished to the liened property, and

9

rather than excess sums included in the memoranda.  Noting that Code § 43-4 requires the lien claimant to include in the memorandum a brief description of the property on which the lien is claimed, we stated in Woodington that "[i]t is the mechanic's duty to place his lien upon the property on which he worked and no more."  238 Va. at 634, 385 S.E.2d at 878.  In other words, the lien claimant had violated one of the specific provisions contained in Code § 43-4.

Carolina Builders did not merely claim a larger sum than its proof would perhaps support.  That kind of over-inclusiveness is a traditional problem faced by a landowner and one that a trial court resolves when determining how much of a claimed lien should be allowed.  Id. at 633-34, 385 S.E.2d at 877-78.  Instead, Carolina Builders violated the explicit statutory requirement that its memorandum shall not include sums for materials furnished more than 150 days prior to the last day on which material was furnished to the job preceding the filing of the memorandum.  Code § 43-4.

For these reasons, we will affirm the judgment of the circuit court.

Affirmed.

_____

we doubted that it would have been able to make that allocation.  Id.

10