Present:   All the Justices

RELIABLE CONSTRUCTORS, INC.
                              OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 010535              March 1, 2002

CFJ PROPERTIES, ET AL.

                FROM THE CIRCUIT COURT OF CAROLINE COUNTY
                     Horace A. Revercomb, III, Judge

    In this appeal, we consider whether the circuit court erred by invalidating a mechanic's lien without permitting the lien claimant to present evidence that its inclusion of a fine in the mechanic's lien memorandum was an error.

    Reliable Constructors, Inc., a subcontractor, supplied labor and materials for plumbing and mechanical work associated with construction of a project located in Ruther Glen, Virginia.  The Oakmont Corporation was the general contractor for the project, a travel plaza.  CFJ Properties is the owner of the real estate upon which the project was constructed.  Flying J, Inc., is CFJ's purported agent.

    Wanda P. Souther, Reliable Constructors' corporate secretary, signed a memorandum of mechanic's lien affidavit that "CFJ Properties, Flying J Inc. is justly indebted to [Reliable Constructors] in the sum of $330,846.02, for the consideration stated in the foregoing memorandum [for

mechanic's lien claimed by subcontractor]."[1]  Included within the sum of $330,846.02 was an item identified as "PCO-30 VOSH Department – Fine to RCI Handwash [-] $250.00."  Reliable Constructors admitted, in response to a request for admission, that its claim for $250.00 represented reimbursement for a fine that had been levied by the Virginia Department of Labor and Industry's Occupational Safety and Health Enforcement Division.  Reliable Constructors failed to provide "hand wash" facilities on site for its employees.

Reliable Constructors filed its bill of complaint to enforce the mechanic's lien against the Oakmont Corporation, CFJ Properties, and Flying J, Inc.  The defendants filed responsive pleadings and a motion to dismiss.  They alleged in their motion to dismiss that the mechanic's lien was invalid and, therefore, unenforceable because the mechanic's lien memorandum included a sum due for labor or materials furnished more than 150 days prior to the last day on which labor was performed or material was furnished to the job preceding the filing of that memorandum in violation of Code § 43-4.  Specifically, the defendants alleged that "that portion of the claim consisting of [the fine] was for labor supplied 212 days

---

[1] The "foregoing memorandum" stated that the $330,846.02 was for "[l]abor and materials furnished for plumbing and mechanical work associated with the construction of The Flying J Travel Plaza."  (Emphasis added).

2

prior to the last day on which Reliable supplied labor to the job."

The circuit court considered pleadings, exhibits, memoranda submitted by counsel, and argument. The court agreed with the defendants and entered a final order that dismissed Reliable Constructors' bill of complaint to enforce the mechanic's lien. Reliable Constructors appeals.

Reliable Constructors asserts in an assignment of error that the circuit court "erred in ruling without hearing evidence on the nature, timing, and details of the administrative fine" levied by the Department of Labor and Industry. Continuing, Reliable Constructors says that it committed an error by including the fine in its mechanic's lien memorandum and that pursuant to Code § 43-15, the circuit court should not have invalidated the lien. The defendants do not respond to Reliable Constructors' statutory argument.

Code § 43-15 states:

> "No inaccuracy in the memorandum filed, or in
> the description of the property to be covered by the
> lien, shall invalidate the lien, if the property can
> be reasonably identified by the description given
> and the memorandum conforms substantially to the
> requirements of §§ 43-5, 43-8 and 43-10,
> respectively, and is not wilfully false."

We agree with Reliable Constructors that it was entitled to present evidence to establish that its inclusion of the fine constitutes an inaccuracy within the meaning of Code § 43-15

and that the circuit court should not have invalidated the lien on that basis.[2]  The word "inaccuracy" is defined as: "the condition of being inaccurate."  Webster's Third New International Dictionary 1139 (1986).  The word "inaccurate" is defined as:  "not accurate:  as . . . containing a mistake or error:  incorrect, erroneous."  Id.  We hold that the circuit court should have permitted Reliable Constructors to present evidence to establish that its inclusion of the fine constituted an inaccuracy and that the inaccuracy was not willfully false.

Accordingly, we will reverse the judgment of the circuit court and remand this case for further proceedings.

Reversed and remanded.

---

[2] In this appeal, there is no contention that Reliable Constructors failed to comply with Code §§ 43-5, -8, and -10 which govern the sufficiency of the mechanic's lien memorandum, affidavit, and notice.