## CIRCUIT COURT OF THE CITY OF WINCHESTER

Ronald Parish

v.

Abdur R. Chowdhury et al.

July 9, 2002

Case No. (Chancery) 02-79

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on July 9, 2002, on the Plea in Bar of the Defendants, the Bank of Clarke County and Yost and Smalley, Trustees. Phillip S. Griffin, II, Esquire, appeared for the Plaintiff; and John E. Rinaldi, Esquire, appeared for the Defendants Bank of Clarke, Yost, and Smalley. Upon consideration, the Court has decided to sustain the plea in bar, because the contractor failed to give the mechanics' lien agent the notice required by Virginia Code § 43-4.01.

### I. *Findings of Fact*

This is a suit filed by a general contractor to enforce a mechanic's lien filed against a single family residence.

The Defendant bank, which holds the first trust on the property, and its trustees have filed a plea in bar claiming that the contractor's failure to notify the mechanics' lien agent pursuant to Virginia Code § 43-4.01(B) invalidates the mechanic's lien.

The mechanics' lien agent for the project was ATI Title Company, and the general contractor met with ATI's agent and gave the agent a copy of the contract between the owner and the general contractor. The general contractor then obtained a building permit in which ATI was named as the mechanics' lien agent, and the contractor gave the agent a copy of the building permit.

The general contractor then applied for three draws incident to which it was required to execute ATI's lien waiver agreement.

The third draw was not paid, and the contractor alleges that there are other sums due it. A mechanics' lien was filed for the amounts allegedly due, and then this suit was filed.

Before filing its mechanic's lien, the general contractor had not filed notice in any single written document containing the information specified by Virginia Code § 43-4.01, but all of that information, except for the general contractor's address, was in ATI's file by the time of the first draw.

The Defendants argue that the statute should be strictly construed, and, since there was no notice that technically complied with § 43-4.01(B), that their plea in bar should be sustained. The contractor argues that since ATI had all of the information which the statute requires except for its address, that there was substantial compliance with the notice provisions, so its lien is valid

## II. *Conclusions of Law*

Virginia Code § 43-4.01 specifies the procedure for perfecting a mechanic's lien where a mechanics' lien agent has been designated on the building permit, and it provides in pertinent part:

> B. If, at the time of issuance, the building permit contains the name, mailing address, and telephone number of the mechanics' lien agent as defined in § 43-1, any person entitled to claim a lien under this title may notify the mechanics' lien agent that he seeks payment for labor performed or material furnished by registered or certified mail or by physical delivery. *Such notice shall contain (i) the name, mailing address, and telephone number of the person sending such notice, (ii) the building permit number on the building permit, (iii) a description of the property as shown on the building permit, and (iv) a statement that the person filing such notice seeks payment for labor performed or material furnished.* A return receipt or other receipt showing delivery of the notice to the addressee or written evidence

that such notice was delivered by the postal service or other carrier to but not accepted by the addressee shall be prima facie evidence of receipt. . . .

C. Except as provided otherwise in this subsection, no person other than a person claiming a lien under subsection B of § 43-3 may claim a lien under this title or file a memorandum or otherwise perfect and enforce a lien under this title with respect to a one or two family residential dwelling unit if such person fails to notify any mechanics' lien agent identified on the building permit in accordance with subsection B above (i) within thirty days of the first date that he performs labor or furnishes material to or for the building or structure or (ii) within thirty days of the date such a permit is issued, if such labor or materials are first performed or furnished by such person prior to the issuance of a building permit.

Va. Code § 43-4.01 (emphasis added).

No case on point was cited to the Court, and the Defendants rely upon the general principle that the statutes governing the perfection of mechanics' liens are strictly construed. In *Carolina Builders Corp. v. Cenit Equity Co.*, 257 Va. 405, 410-11, 512 S.E.2d 550 (1999), the Supreme held that a lien which violated the 150-day limitation for work and material provided was invalid, stating:

This Court has repeatedly stated that a mechanic's lien is in derogation of the common law and that the statutes dealing with the existence and perfection of a mechanic's lien must, therefore, be strictly construed. *American Standard Homes Corp. v. Reinecke*, 245 Va. 113, 119, 425 S.E.2d 515, 518 (1993); *Rosser v. Cole*, 237 Va. 572, 576, 379 S.E.2d 323, 325 (1989). "Unless [a mechanic's lien] is perfected within the proper time and in the proper manner, as outlined by the statute, it is lost." *Wallace v. Brumback*, 177 Va. 36, 40, 12 S.E.2d 801, 802 (1941). In *American Standard Homes*, this Court distinguished between perfection of a mechanic's lien under Code § 43-4 and enforcement of the lien pursuant to Code § 43-17. In doing so, we stated that the "provisions of the enforcement statutes are to be construed liberally while the requirements of the perfection statute are to be construed strictly." 245 Va. at 119, 425 S.E.2d at 518.

This case illustrates the rigor with which the Supreme Court applies its doctrine of strict construction of the statutes governing the perfection of mechanics' liens.

Virginia Code § 43-4.01 is clear and unambiguous. If a statute is clear and unambiguous, a court will give the statute its plain meaning. *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). Where the statute is clear, the court may not "resort to legislative history and extrinsic facts" to interpret words whose meaning is clear; it must "take the words as written" and give them their plain meaning. *Id.* at 321. No notice was given by the contractor which complied with the notice provisions of the statute, but the contractor argues that since all this information was in the mechanics' lien agent's file, except for the contractor's address, that this actual knowledge obviated, or substituted for, his having to technically comply with the notice provisions of § 43-4.01. The mechanics' lien statutes set forth precise requirements for the creation of a mechanics' lien, and these provisions must be complied with in order to create a valid lien. "For this Court . . . to create an exception where none exists under the guise of statutory construction, would be to defeat the purpose of the enactment and to engage in judicial legislation." *Town of Crewe v. Marler*, 228 Va. 109, 114, 319 S.E.2d 748 (1984). The statute clearly contemplates that the notice is to be contained in a single document, and it sets forth the required contents of the notice. Accordingly, the statutory notice may not be constructively imputed to the mechanics' lien agent based on the agent's actual knowledge of the myriad facts about the project which the agent may have acquired incident to its involvement in the construction process, because the statute clearly contemplates a single-document notice containing the specified information which can be examined to determine whether the mechanic's lienor has complied with the statutory notice provisions. Since the general contractor did not give the mechanics' lien agent the notice required by § 43-4.01(B) of its intent to file a mechanics' lien in the event that it was not paid, it may not enforce its mechanic's lien.

### III. *Decision*

For the foregoing reasons, it is adjudged and ordered that:

1. The Plea in Bar of Defendants, the Bank of Clarke County and Yost and Smalley, Trustees, is sustained;

2. Count I of the Bill of Complaint is dismissed, with prejudice, and the Bank of Clarke County, Edwin B. Yost, Trustee, and E. Scott Smalley, Trustee, are dismissed as parties to this suit;

3. This case is transferred to the law docket of the Court for all further proceedings with respect to Counts I and II.