PRESENT:  All the Justices

BRITT CONSTRUCTION, INC.

v.  Record No. 051004   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                    January 13, 2006
MAGAZZINE CLEAN, LLC, ET AL.


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Thomas D. Horne, Judge


In this appeal, we consider whether Code § 43-4 requires that a general contractor, as a condition of perfecting a mechanic's lien, contemporaneously file with the memorandum of lien a "certification" that a copy of the memorandum has been mailed to the property owner.

In February 2003, Magazzine Clean, L.L.C. (Magazzine Clean) hired Britt Construction, Inc. (Britt) as the general contractor for construction of a commercial car wash facility on Magazzine Clean's property in Loudoun County.  As a result of disputes between the parties during the construction process, Britt recorded 12 separate memoranda of mechanic's liens against Magazzine Clean's property.[1]

Britt recorded the memoranda of liens in Loudoun County between June 18, 2004 and October 14, 2004.  However, Britt did not mail copies of these memoranda of liens to Magazzine Clean, nor did Britt file certifications of such mailings at the time

---

[1] Britt did not perform any further work on the project after August 31, 2004.

of filing its memoranda.  Instead, Britt waited until December 17, 2004 to record certifications of mailing for each of the 12 memoranda previously filed.

Magazzine Clean initiated this suit by filing a petition to invalidate the mechanic's liens pursuant to Code § 43-17.1.[2] Magazzine Clean argued that none of the mechanic's liens met the perfection requirements contained in Code § 43-4 because Britt did not mail copies of the memoranda of mechanic's liens to Magazzine Clean, nor did Britt file certifications of mailing along with the memoranda.  As amended by the General Assembly in 2003, Code § 43-4 states in relevant part that:

> A general contractor . . . in order to perfect the lien given by § 43-3 . . . shall file a memorandum of lien at any time after the work is commenced or material furnished, but not later than 90 days from the last day of the month in which he last performs labor or furnishes material, and in no event later than 90 days from the time such building . . . is completed, or the work thereon otherwise terminated. . . .  *A lien claimant who is a general contractor also shall file along with the memorandum of lien, a certification of mailing of a copy of the*

_____

[2] Code § 43-17.1 provides that: "Any party, having an interest in real property against which a lien has been filed, may, upon a showing of good cause, petition the court of equity having jurisdiction wherein the building . . . is located to hold a hearing to determine the validity of any perfected lien on the property.  After reasonable notice to the lien claimant and any party to whom the benefit of the lien would inure and who has given notice as provided in § 43-18 of the Code of Virginia, the court shall hold a hearing and determine the validity of the lien.  If the court finds that the lien is invalid, it shall forthwith order that the memorandum or notice of lien be removed from record."

> *memorandum of lien on the owner of the property at the*
> *owner's last known address. . . .*[3]

(Emphasis added.)

After considering the parties' briefs and arguments, the circuit court granted Magazzine Clean's amended petition and invalidated the liens. The circuit court held that the mechanic's liens were invalid because Britt did not file certifications of mailing along with the memoranda of liens. Britt appealed from the circuit court's decree.

Britt argues that the provision in Code § 43-4 directing a general contractor to file a certification of mailing is not a requirement for perfection of the general contractor's mechanic's lien. Britt asserts that the statute's only requirement for perfection of such a lien is the timely filing of the memorandum of lien, and that the certification of mailing need only be filed in order for a property owner to be deemed to have notice of the lien. Thus, Britt maintains that the statutory directive for filing a certification of mailing is merely a notice provision that should be construed liberally.

In support of its argument, Britt notes that two other statutes, which address liens of subcontractors and persons performing labor or furnishing materials for a subcontractor, expressly require as a condition of perfecting a lien that

---

[3] The General Assembly amended Code § 43-4 to include the certification of mailing requirement effective July 1, 2003.

3

written notice of the lien be given to the owner.[4]  See Code §§ 43-7 and -9.  Britt contends that because Code § 43-4 does not contain similar express language, the General Assembly did not intend to impose such a requirement in this statute.  We disagree with Britt's arguments.

We consider the language of Code § 43-4 under basic rules of statutory construction.  We examine the statute in its entirety and determine the General Assembly's intent from the plain and natural meaning of the words used in the statute. West Lewinsville Heights Citizens Ass'n v. Board of Supervisors, 270 Va. 259, 265, 618 S.E.2d 311, 314 (2005); Capelle v. Orange County, 269 Va. 60, 65, 607 S.E.2d 103, 105 (2005); Vaughn, Inc. v. Beck, 262 Va. 673, 677, 554 S.E.2d 88, 90 (2001).

When statutory language is unambiguous, we are bound by the plain meaning of that language.  Williams v. Commonwealth, 265 Va. 268, 271, 576 S.E.2d 468, 470 (2003); Woods v. Mendez, 265 Va. 68, 74-75, 574 S.E.2d 263, 266 (2003); Earley v. Landsidle, 257 Va. 365, 370, 514 S.E.2d 153, 155 (1999).  Therefore, when the General Assembly has used words of a definite import, we cannot give those words a construction that amounts to holding that the General Assembly meant something other than that which

---

[4] Code §§ 43-7 and -9 provide, in relevant part, that "in order to perfect the lien . . . [the contractor] shall comply with [the provisions of] § 43-4, and in addition [thereto] give notice in writing to the owner of the property . . . ."

4

it actually expressed.  Alliance to Save the Mattaponi v. Commonwealth, 270 Va. 423, 439, 621 S.E.2d 78, 87 (2005); Williams, 265 Va. at 271, 576 S.E.2d at 470; Vaughn, 262 Va. at 677, 554 S.E. at 90.

We further observe that when a statute has been amended, there is a presumption that the General Assembly intended to effect a substantive change in the law.  West Lewinsville Heights Citizens Ass'n, 270 Va. at 265, 618 S.E.2d at 314; Virginia-American Water Co. v. Prince William County Serv. Auth., 246 Va. 509, 517, 436 S.E.2d 618, 622-23 (1993).  Thus, we will assume that a statutory amendment is purposeful, rather than unnecessary.  West Lewinsville Heights Citizens Ass'n, 270 Va. at 265, 618 S.E.2d at 314; AAA Disposal Servs. v. Eckert, 267 Va. 442, 446, 593 S.E.2d 260, 263 (2004); Virginia-American Water Co., 246 Va. at 517, 436 S.E.2d at 623.

Because the mechanic's lien statutes are in derogation of the common law, the statutory requirements regarding the existence and the perfection of a mechanic's lien must be strictly construed.  Carolina Builders Corp. v. Cenit Equity Co., 257 Va. 405, 410, 512 S.E.2d 550, 552 (1999); American Standard Homes Corp. v. Reinecke, 245 Va. 113, 119, 425 S.E.2d 515, 518 (1993); Rosser v. Cole, 237 Va. 572, 576, 379 S.E.2d 323, 325 (1989).  A mechanic's lien must be perfected within the specific time frame and in the manner set forth in the statutes,

5

or the lien will be lost.  Carolina Builders Corp., 257 Va. at 411, 512 S.E.2d at 552; American Standard Homes Corp., 245 Va. at 119, 425 S.E.2d at 518; Wallace v. Brumback, 177 Va. 36, 40, 12 S.E.2d 801, 802 (1941).

Applying these principles, we conclude that the certification of mailing requirement of Code § 43-4 is plain and unambiguous.  The statute expressly requires that a general contractor "file along with" the memorandum of lien a certification that the general contractor has mailed a copy of the memorandum of lien to the owner at the owner's last known address.

By using the word "file," the General Assembly made its intention clear that the certification of mailing is not merely a notice provision.  Moreover, in requiring that the certification be filed "along with" the memorandum of lien, the statutory language directs that the memorandum of lien cannot be filed alone without the certification of mailing, and that both documents must be filed in order to perfect the lien.[5]

---

[5] The absence of any reference to a certification of mailing in the "safe harbor" form of Code § 43-5 does not affect our analysis of Code § 43-4.  That form addresses only the sufficiency of a memorandum of lien and affidavit filed under Code § 43-4.  Also, the "safe harbor" forms of Code §§ 43-8 and –10 are not relevant to the issue before us because they pertain to subcontractors and to persons furnishing labor or materials to a subcontractor and, thus, do not affect the unambiguous requirements imposed on a general contractor by Code § 43-4.

6

Britt's contrary argument is unavailing because it would permit a general contractor to mail a copy of its memorandum of lien and to file its certification of mailing at a time of the general contractor's own choosing.  This result would render the plain language of the statutory amendment meaningless and would undermine the clear intent of the amendment to prevent a general contractor from filing undisclosed liens against an owner's property.

Because the certification provision of Code § 43-4 imposes an additional requirement for perfecting a mechanic's lien, we are not permitted to construe the requirement liberally.  Instead, we impose a strict construction standard in accordance with our established precedent.  See Carolina Builders Corp., 257 Va. at 410, 512 S.E.2d at 552; American Standard Homes Corp., 245 Va. at 119, 425 S.E.2d at 518.  Here, Britt did not file the required certifications of mailing along with its memoranda of liens but waited more than two months after filing the final memorandum of lien to record the certifications.  Thus, Britt's actions clearly demonstrate its failure to comply with the certification requirement of Code § 43-4.

Our conclusion regarding the plain meaning of Code § 43-4 is not altered by Britt's observation that this statute, unlike Code §§ 43-7 and -9, does not expressly state that written notice to the owner is a condition of perfecting a mechanic's

7

lien.  When statutory language is plain and unambiguous, we will not look to other provisions of the Code to interpret that statute.  Carolina Builders Corp., 257 Va. at 409, 512 S.E.2d at 552.  Thus, the fact that the General Assembly chose to use different language in stating a perfection requirement in those other statutes cannot alter the plain language of Code § 43-4, which requires that a general contractor "file" its certification of mailing "along with" its memorandum of lien.

For these reasons, we will affirm the circuit court's judgment.

Affirmed.

8