PRESENT: Hassell, C.J., Koontz, Kinser, Lemons, Goodwyn, and
Millette, JJ., and Stephenson, S.J.

SMITH MOUNTAIN BUILDING SUPPLY, LLC

                                        OPINION BY SENIOR JUSTICE
v.  Record Nos. 080651 and 080652       ROSCOE B. STEPHENSON, JR.
                                             February 27, 2009
WINDSTAR PROPERTIES, LLC

            FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
                    William N. Alexander, Judge

      In these appeals, we determine whether the trial court

erred in declaring invalid and unenforceable two mechanic's

liens without allowing the lien claimant to present evidence

that its inclusion in the memoranda of charges outside the 150-

day limitation period in Code § 43-4 was an "inaccuracy" within

the meaning of Code § 43-15.

                               I

      The relevant facts are not in dispute.  Smith Mountain

Building Supply, LLC (Smith Mountain), supplied materials to a

general contractor for the construction of a home on each of two

properties owned by Windstar Properties, LLC (Windstar).  Smith

Mountain furnished materials to the jobs from June 24, 2005, to

March 9, 2006.  March 9, 2006 is the last day Smith Mountain

supplied materials to the jobs.  The 150-day limitation period

prescribed by Code § 43-4, therefore, is October 10, 2005,

through March 9, 2006.

      Smith Mountain filed its memoranda of mechanic's lien on

June 9, 2006.  The amount claimed on one of the memoranda is

$15,253.44.  The amount claimed on the other of the memoranda is $51,835.34.  The charges for materials properly recoverable during the 150-day limitation period are $1,422.80 and $13,593.65, respectively.

## II

Smith Mountain filed two actions against Windstar to enforce its mechanic's liens.  Windstar filed motions for summary judgment, asserting that the mechanic's liens sought to be enforced by Smith Mountain were invalid under Code § 43-4 because they included sums due for materials furnished more than 150 days prior to the last day on which materials were supplied to the jobs preceding the filing of the memoranda.  Windstar relied upon Carolina Builders Corp. v. Cenit Equity Co., 257 Va. 405, 512 S.E.2d 550 (1999).

Smith Mountain opposed the motions for summary judgment, asserting that its inclusion of sums due for materials furnished outside the limitation period is an inaccuracy that does not invalidate the liens under Code § 43-15 and that it was entitled to present evidence that its inclusion of such sums was an inaccuracy, rather than a mistake.  Smith Mountain relied upon Reliable Constructors, Inc. v. CFJ Properties, 263 Va. 279, 559 S.E.2d 681 (2002).

The trial court heard the two actions together and, upon the pleadings, memoranda of the parties, and argument of

counsel, granted Windstar's motions for summary judgment and dismissed Smith Mountain's actions to enforce the mechanic's liens. The trial court determined that the inclusion of sums for materials supplied outside the 150-day limitation period rendered the mechanic's liens invalid and unenforceable. The trial court also determined that Reliable Constructors did not apply. We awarded Smith Mountain this appeal.

### III

Code § 43-4 provides, in pertinent part, that "no memorandum filed . . . shall include sums due for labor or materials furnished more than 150 days prior to the last day on which labor was performed or material furnished to the job preceding the filing of such memorandum." Code § 43-15 provides as follows:

> No inaccuracy in the memorandum filed, or in the description of the property to be covered by the lien, shall invalidate the lien, if the property can be reasonably identified by the description given and the memorandum conforms substantially to the requirements of §§ 43-5, 43-8 and 43-10, respectively, and is not wilfully false.

On appeal, Smith Mountain contends that it should have been permitted to present evidence to show that its inclusion of charges outside the 150-day limitation period was an "inaccuracy" within the meaning of Code § 43-15. Smith Mountain also contends that the two cases relied upon by the parties, Carolina Builders and Reliable Constructors, "reflect two

3

divergent rationals [sic] which cannot be reconciled."  Smith Mountain asserts that substantial compliance is the appropriate standard to apply in the present case.

Windstar contends that Code § 43-4 must be strictly construed and that Smith Mountain's inclusion of charges outside the limitation period renders its mechanic's liens unenforceable.  Windstar also contends that Code § 43-15 is not applicable in, and that Reliable Constructors is distinguishable from, the present case.

IV

We do not agree with Smith Mountain that Carolina Builders and Reliable Constructors cannot be reconciled, and we agree with Windstar and with the trial court that, pursuant to Carolina Builders, the mechanic's liens sought to be enforced by Smith Mountain are invalid and unenforceable.  Therefore, we will affirm the trial court's judgments invalidating the mechanic's liens.

In Carolina Builders, the builder filed a memorandum of mechanic's lien for sums owed to it for materials it had supplied for the construction of a residence.  257 Va. at 407, 512 S.E.2d at 550-51.  The memorandum included sums due for materials furnished prior to the 150-day limitation period, and one of the defendants in the builder's enforcement action filed a motion for summary judgment on the ground that the lien was

4

invalid under Code § 43-4.  Id. at 408, 512 S.E.2d at 551.  The
trial court agreed.  Id. at 409, 512 S.E.2d at 551.  In
affirming the judgment of the trial court, we concluded that the
150-day limitation period "is one of the prerequisites required
by Code § 43-4 in order to perfect a mechanic's lien," and we
cited the longstanding rule that "statutes dealing with the
existence and perfection of a mechanic's lien must . . . be
strictly construed."  Id. at 410-11, 512 S.E.2d at 552-53.  We
also noted that Code § 43-15 was not applicable.  Id. at 411
n.2, 512 S.E.2d at 553 n.2.

In Reliable Constructors, a subcontractor that had supplied
labor and materials for plumbing and mechanical work to a travel
plaza construction project filed a memorandum of mechanic's
lien, which it sought to enforce.  263 Va. at 280, 559 S.E.2d at
682.  The memorandum included a claim for reimbursement of a
$250 fine that had been levied against the subcontractor by the
Commonwealth for failure to provide on-site hand-washing
facilities for the subcontractor's employees.  Id.  The
defendants filed a motion to dismiss on the ground that the lien
was invalid under Code § 43-4 because the fine had been levied
prior to the 150-day limitation period.  Id. at 281, 559 S.E.2d
at 682.  The trial court agreed and dismissed the
subcontractor's enforcement action.  Id.  In reversing the
judgment of the trial court, we held that the subcontractor

5

should have been permitted to present evidence that the inclusion of the fine in the memorandum constituted an inaccuracy within the meaning of Code § 43-15 and that the inaccuracy was not willfully false. Id. at 282, 559 S.E.2d at 682-83.

In reaching our holding in Reliable Constructors, we noted that "[t]he word 'inaccurate' is defined as: 'not accurate: as . . . containing a mistake or error.' " Id. at 282-83, 559 S.E.2d at 682 (quoting Webster's Third New International Dictionary 1139 (1986)). Thus, we focused on the nature of the sum erroneously included in the memorandum, and we distinguish Reliable Constructors on this basis. A fine is clearly not a sum due for labor performed or materials furnished and is, therefore, not recoverable by a mechanic's lien. The inclusion of a fine in a memorandum is akin to claming a larger sum than the lien claimant's proof would support rather than a violation of a statutory prerequisite to perfect a mechanic's lien.

In the present case, Smith Mountain violated one of the prerequisites required by Code § 43-4 in order to perfect its mechanic's liens. Code § 43-15 has no application.

V

We hold, therefore, that the inclusion in the memoranda of charges for materials supplied outside the 150-day limitation period in Code § 43-4 rendered Smith Mountain's mechanic's liens

invalid and unenforceable and that the trial court did not err in so ruling.  Accordingly, we will affirm the judgments of the trial court.

<u>Affirmed</u>.

7