## CIRCUIT COURT OF FAIRFAX COUNTY

BP Realty, L.P.

v.

Urban Eng'g and
Associates, Inc., et al.

August 4, 2009

Case No. CL 2009-8580

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on Plaintiff's Petition for Release of Mechanic's Lien. Having considered the law, the pleadings, and the oral and written arguments of Counsel, the petition is denied, and the parties are directed to use the Court's normal procedures to schedule an evidentiary hearing.

*Background*

On April 8, 2009, Defendant Urban Engineering & Associates, Inc. (Urban) filed a Memorandum of Mechanic's Lien in the land records of Fairfax County. The memorandum describes the work performed as "Prepare rezoning exhibits to rezone from C-7 to PDH or PDM. No Structures involved." On June 12, 2009, Plaintiff BP Realty, L.P. (BP) filed a petition to release the lien, asserting that, on its face, the memorandum admits no structures were involved in the work and that preparation of rezoning exhibits is not a type of work that entitles a contractor to a mechanic's lien. Urban replies that the description of work is inaccurate in that it omits surveying

done in the course of preparing the exhibits. In their view, they are entitled to cure the inaccuracy under Va. Code § 43-15 because their memorandum substantially complies with the statutory requirements of Va. Code § 43-4. Accordingly, the question before the Court is whether the lien was properly perfected under Va. Code § 43-4.

## *Analysis*

The relevant statutory sections provide:

> All persons performing labor or furnishing materials of the value of $50 or more, including the reasonable rental or use value of equipment, for the construction, removal, repair, or improvement of any building or structure permanently annexed to the freehold . . . shall have a lien, if perfected as hereinafter provided, upon such building or structure, and so much land therewith as shall be necessary for the convenient use and enjoyment thereof . . . subject to the provisions of § 43-20.

Va. Code § 43-3.

"For the purpose of this chapter . . . any surveying, grading, clearing, or earth moving required for the improvement of the grounds upon which such building or structure is situated shall be deemed to be materials furnished for the improvement of such building or structure and permanently annexed to the freehold." Va. Code § 43-2.

A general contractor, or any other lien claimant . . . in order to perfect the lien given by § 43-3 . . . shall file a memorandum of lien at any time after the work is commenced or material furnished, but not later than 90 days from the last day of the month in which he last performs labor or furnishes material, and in no event later than 90 days from the time such building, structure, or railroad is completed, or the work thereon otherwise terminated. The memorandum shall be filed in the clerk's office in the county or city in which the building, structure or railroad, or any part thereof is located. The memorandum shall show the names of the owner of the property sought to be charged, and of the claimant of the lien, the amount and consideration of his claim, and the time or times when the same is or will be due and payable, verified by the oath of the claimant, or his agent, including a statement declaring his intention to claim the benefit of the lien, and giving a brief description of the property on which he claims a lien. . . . The lien claimant may file any number of memoranda but no memorandum filed pursuant to this

chapter shall include sums due for labor or materials furnished more than 150 days prior to the last day on which labor was performed or material furnished to the job preceding the filing of such memorandum. . . ." Va. Code § 43-4.

"No inaccuracy in the memorandum filed, or in the description of the property to be covered by the lien, shall invalidate the lien, if the property can be reasonably identified by the description given and the memorandum conforms substantially to the requirements of §§ 43-5, 43-8, and 43-10, respectively, and is not wilfully false." Va. Code § 43-15. Sections 43-5, 43-8, and 43-10 provide forms for the use of lay contractors, subcontractors, and sub-subcontractors, respectively.

To be entitled to a lien under the statute, the contractor must furnish labor or materials for the "construction, removal, repair or improvement of any building or structure permanently annexed to the freehold." Virginia Code § 43-3. Surveying required for the improvement of the grounds upon which a building or structure is situated "shall be deemed to be materials furnished for the improvement of such building or structure and permanently annexed to the freehold." Virginia Code § 43-2. Perfection of the lien requires compliance with the requirements of § 43-4.

The perfection provisions of the statute set forth in § 43-4 are construed strictly. *American Standard Homes Corp. v. Reinecke*, 245 Va. 113, 119, 425 S.E.2d 515 (1993). The provisions of § 43-4 are prerequisites for the perfection of a mechanic's lien, and failure to comply with them invalidates the entire lien. *Carolina Builders v. Cenit Equity*, 257 Va. 405, 411, 512 S.E.2d 550 (1999).

Although § 43-15 includes language that "no inaccuracy in the memorandum filed" will invalidate the lien, it is not literally true. Overbreadth in the property description, such that the lien purports to apply to property the contractor did not improve, invalidates the entire lien, as does a description so faulty that the property cannot be reasonably identified. *Woodington Electric, Inc. v. Lincoln Sav. & Loan Assoc.*, 238 Va. 623, 632, 385 S.E.2d 872 (1989). Inclusion of amounts owed for work performed during a brief period a few days before the start of § 43-4's 150 day limitation period also invalidates the entire lien. *Carolina Builders*, 257 Va. at 411. In both cases the contractor was not permitted to present evidence that either discrepancy was an "inaccuracy" within the meaning of § 43-15.

In contrast, a contractor who included a $250 charge to account for a fine levied on them by a state regulatory agency sixty-two days before the start of § 43-4's 150 day limitation period was entitled to present evidence that the inclusion was a "mistake." *Reliable Constructors v. CFJ Properties*, 263 Va. 279, 282, 559 S.E.2d 681 (2002). The fact that a "fine is clearly not a sum due

for labor performed or materials furnished and is, therefore, not recoverable by a mechanic's lien" figured prominently in the court's analysis. *Smith Mountain Bldg. Supply v. Windstar Props.*, 277 Va. 387, 391, 672 S.E.2d 845 (2009) (explaining *Reliable Constructors* and attempting to reconcile it with *Carolina Builders*). The court "focused on the nature of the sum," and permitted an evidentiary hearing to establish that the sum's inclusion was an error. *Id.* Although the parties cite a number of older cases and might be forgiven some difficulty in understanding the Virginia Supreme Court's recent cases applying Va. Code § 43-15, these cases do apply the current statute, are binding on the Court, and so are properly the basis of the Court's analysis.

Here the claim is that the description of work on the face of the memorandum establishes, as a matter of law, that Urban is not entitled to the protection of a mechanic's lien under the statute. There is no complaint that they failed to comply with the other requirements for perfection of the lien stated in § 43-4. Although Plaintiff argues the omission of the word "surveying" is a "fatal omission of a specific requirement of § 43-4 — that the work was performed for which a lien right is granted by statute," Plaintiff cites no cases to support the proposition, and the requirement is not apparent on the face of the statute. With respect to a description of the work involved, § 43-4 merely requires the claimant to state the "amount and consideration of his claim." For mere perfection, there appears to be no requirement that the description invoke the particular descriptive words used in §§ 43-2 and 43-3.

The Court is not aware of a case in which the Virginia Supreme Court has held a lien invalid based on the description of the work done, other than the cases involving a violation of the 150 day limitation period. As such, and in accordance with the Virginia Supreme Court's recent explanation in *Smith Mountain*, it seems Urban is entitled to present proof that the description of work is an "inaccuracy" within the meaning of § 43-15 and to establish whether the work done falls within the class of work entitled to the protection of a mechanic's lien under the statute.

## Conclusion

Plaintiff's motion is denied, and the parties are directed to make use of the Court's ordinary scheduling procedures to set the matter for an evidentiary hearing to determine the nature and extent of the work performed by Urban.